IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, as subrogee of The Stone Point Trust,<br><br>    Plaintiff,<br><br>    v.<br><br>CUMMINS, INC., and BRUNSWICK CORPORATION,<br><br>    Defendants. | Case No.: 18-cv-532 |

## COMPLAINT

Now Comes, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, by and through its attorneys, Leahy, Eisenberg & Fraenkel, Ltd., and hereby demands judgment against CUMMINS, INC. and BRUNSWICK CORPORATION, and in support thereof, complains as follows:

## PARTIES

1. The Plaintiff, ACE AMERICAN INSURANCE COMPANY, ("Ace") is a corporation existing under the laws of the state of Pennsylvania, with a principal place of business located at 436 Walnut Street in Philadelphia, Pennsylvania and at all times relevant was authorized to transact business in Wisconsin.

2. At all times relevant, Defendant, CUMMINS, INC., ("Cummins") was a corporation organized and existing under the laws of the State of Indiana with its principal place of business located at 500 Jackson Street in Columbus, Wisconsin.

3. At all times relevant, Defendant, BRUNSWICK CORPORATION, ("Brunswick") was a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 26125 N. Riverwoods Blvd. in Mettawa, Illinois.

## JURISDICTION AND VENUE

4. Jurisdiction is based on 28 U.S.C. §1332(a)(1), as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdiction threshold of this Court (exclusive of interest and costs).

5. Venue is proper in this district based on 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred within this district.

## FACTUAL ALLEGATIONS

6. Ace issued Policy Number Y09198246 (the "Policy") to the Stone Point Trust, which was in full force and effect on July 19, 2016.

7. The Policy provided coverage against casualty and damage to losses to a 2015 41' Searay Sundancer ("boat").

8. Ace asserts its claim as subrogee of its insured, the Stone Point Trust. Ace is the bona fide owner of the claims and causes of action set forth below, having obtained the same by reason of payments to or on behalf of the Stone Point Trust, and is therefore entitled to maintain this action against Brunswick and Cummins for recovery of such payments.

9. On and prior to July 19, 2016, the Stone Point Trust was the owner of a boat which was designed, manufactured, assembled, advertised, supplied, and/or sold by Brunswick.

10. On and prior to July 19, 2016, the boat contained an engine (serial no. E140674759) ("Subject Engine"), which was designed, manufactured, assembled, advertised, supplied, and/or sold by Cummins.

11. On or about July 19, 2016, the boat was in route from Pikes Bay Marina in Bayfield, Wisconsin to Madeline Island, Wisconsin on Lake Superior, when the boat and engine malfunctioned and thereby caused a fire to occur, damaging the boat and other property. (hereinafter, "the Occurrence").

12. Pursuant to the Policy, Ace paid the Stone Point Trust in excess of $160,000.00 for the loss resulting from the Occurrence.

## COUNT I – DEFECTIVE DESIGN
## Cummins

13. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 13 of this Count I.

14. At the time that the Subject Engine left the control of Cummins, the Subject Engine was in a defective and unreasonably dangerous condition with regard to its intended and foreseeable uses, in one or more of the following ways:

   a. Cummins' defective design and manufacture of the engine;
   b. Cummins' negligent design, assembly, installation, testing, and/or specification of the engine and its component parts;
   c. Failing to properly test the engine and its component parts;
   d. Failing to properly prepare the engine for use.

15. The defective and unreasonably dangerous condition(s) of the Subject Engine existed due to the defective manner in which Cummins designed the Subject Engine.

3

16. The aforementioned defective and unreasonably dangerous condition(s) of the Subject Engine existed at the time it left the control of Cummins.

17. At all times, the Subject Engine was used in a reasonable manner, and such use was reasonably foreseeable by Cummins.

18. As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the Subject Engine, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, CUMMINS, INC., in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

## COUNT II – MANUFACTURING DEFECT
### Cummins

19. Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 19 of this Count II.

20. At the time that the Subject Engine left the control of Cummins, the Subject Engine was in a defective and unreasonably dangerous condition with regard to its intended and foreseeable uses, in one or more of the following ways:

   a. Cummins' defective design and manufacture of the engine;

   b. Cummins' negligent design, assembly, installation, testing, and/or specification of the engine and its component parts;

   c. Failing to properly test the engine and its component parts;

   d. Failing to properly prepare the engine for use.

21. The defective and unreasonably dangerous condition(s) of the Subject Engine due to Cummins' defective manufacture of the Subject Engine.

22. At all times, the Subject Engine was used in a reasonable manner, and such use was reasonably foreseeable by Cummins.

23. As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the Subject Engine, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, CUMMINS, INC., in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

## COUNT III – BREACH OF WARRANTY
### Cummins

24. Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 24 of this Count III.

25. At all relevant times Cummins provided express and implied warranties for the Subject Engine and those warranties were bargained for as part of the purchase of the subject boat.

26. The Subject Engine failed within the warranty period and failed during the normal and expected in use of the engine.

27. As a result of that failure, Plaintiff sustained damages in excess of $160,000.

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, CUMMINS, INC., in excess

of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

## COUNT IV – NEGLIGENCE
### Cummins

28. Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 28 of this Count IV.

29. At all relevant times, Cummins had a duty to design, manufacture, assemble, advertise, distribute, supply, and/or sell its products such that they would be free from defects and reasonably safe for their intended and reasonably foreseeable uses.

30. At all relevant times, Cummins had a duty to investigate, inspect, test, and examine its products to discover any flaws or dangers existing therein.

31. At all relevant times, Cummins had a duty to warn others of potentially dangerous conditions existing in its products, including the Subject Engine.

32. Cummins breached one or more of its foregoing duties by failing to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the Subject Engine.

33. Further, Electrolux breached one or more of its foregoing duties by one or more of the following negligent acts and/or omissions:

   a. Cummins' defective design and manufacture of the engine;

   b. Cummins' negligent design, assembly, installation, testing, and/or specification of the engine and its component parts;

   c. Failing to properly test the engine and its component parts;

   d. Failing to properly prepare the engine for use.

34. As a direct and proximate result of Cummins' breach of its duties and failure to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the Subject Engine, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, CUMMINS, INC., in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

## COUNT V – DEFECTIVE DESIGN
### Brunswick

35. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 35 of this Count V.

36. At the time that the boat left the control of Brunswick, the boat was in a defective and unreasonably dangerous condition with regard to its intended and foreseeable uses, in one or more of the following ways:

   a. Brunswick's defective design and manufacture of the boat;

   b. Brunswick's negligent design, assembly, installation, testing, and/or specification of the boat and its component parts;

   c. Brunswick's failure to properly equip the boat with automatic engine shutdowns;

   d. Brunswick's failure to equip the vessel's air intake system with an automatic shutdowns;

   e. Brunswick's failure to properly prepare the boat for use.

37. The defective and unreasonably dangerous condition(s) of the boat existed due to the defective manner in which Brunswick designed the boat.

38. The aforementioned defective and unreasonably dangerous condition(s) of the boat existed at the time it left the control of Brunswick.

39. At all times, the subject boat was used in a reasonable manner, and such use was reasonably foreseeable by Brunswick.

40. As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the boat, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, BRUNSWICK CORPORATION, in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

## COUNT VI – MANUFACTURING DEFECT
### Brunswick

41. Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 41 of this Count VI.

42. At the time that the boat left the control of Brunswick, the boat was in a defective and unreasonably dangerous condition with regard to its intended and foreseeable uses, in one or more of the following ways:

   a. Brunswick's defective design and manufacture of the boat;

   b. Brunswick's negligent design, assembly, installation, testing, and/or specification of the boat and its component parts;

    c. Brunswick's failure to properly equip the boat with automatic engine shutdowns;

    d. Brunswick's failure to equip the vessel's air intake system with an automatic shutdowns;

    e. Brunswick's failure to properly prepare the boat for use.

43. At all times, the boat was used in a reasonable manner, and such use was reasonably foreseeable by Brunswick.

44. As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the boat, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, BRUNSWICK CORPORATION, in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

## COUNT VII – BREACH OF WARRANTY

45. Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 45 of this Count VII.

46. At all relevant times Brunswick provided express and implied warranties for the boat and all component parts and those warranties were bargained for as part of the purchase of the subject boat.

47. The boat and Subject Engine failed within the warranty period and failed during the normal and expected in use of the boat and engine.

48. As a result of that failure, Plaintiff sustained damages in excess of $160,000.

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, BRUNSWICK CORPORATION, in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

## COUNT VIII – NEGLIGENCE
### Brunswick

49. Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 49 of this Count VII.

50. At all relevant times, Brunswick had a duty to design, manufacture, assemble, advertise, distribute, supply, and/or sell its products such that they would be free from defects and reasonably safe for their intended and reasonably foreseeable uses.

51. At all relevant times, Brunswick had a duty to investigate, inspect, test, and examine its products to discover any flaws or dangers existing therein.

52. At all relevant times, Brunswick had a duty to warn others of potentially dangerous conditions existing in its products, including the boat.

53. Brunswick breached one or more of its foregoing duties by failing to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the boat.

54. Further, Brunswick breached one or more of its foregoing duties by one or more of the following negligent acts and/or omissions:

   a. Brunswick's defective design and manufacture of the boat;

   b. Brunswick's negligent design, assembly, installation, testing, and/or specification of the boat and its component parts;

    c. Brunswick's failure to properly equip the boat with automatic engine shutdowns;

    d. Brunswick's failure to equip the vessel's air intake system with an automatic shutdowns;

    e. Brunswick's failure to properly prepare the boat for use.

55. As a direct and proximate result of Brunswick's breach of its duties and failure to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the Subject Engine, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, BRUNSWICK CORPORATION, in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, hereby demands trial by jury for all issues deemed so triable.

            Respectfully submitted,

            LEAHY, EISENBERG & FRAENKEL, LTD.

            By: /s/ *Matthew S. McLean*
                  Attorney for Plaintiff

Matthew S. McLean
LEAHY, EISENBERG & FRAENKEL, LTD.
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel.: (312) 368-4554
Firm I.D.: 45875