UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ACE AMERICAN INSURANCE
COMPANY,

              Plaintiff,

      v.

                                  **Case No. 18-cv-532**

CUMMINS, INC., and BRUNSWICK
CORPORATION,

              Defendant.

---

## DEFENDANT BRUNSWICK CORPORATION'S ANSWER AND CROSS-CLAIM

Defendant Brunswick Corporation ("Brunswick"), by its attorneys, Reinhart Boerner Van Deuren s.c., answers Plaintiff's complaint as follows:

### <u>PARTIES</u>

1.      The Plaintiff, ACE AMERICAN INSURANCE COMPANY, ("Ace") is a corporation existing under the laws of the state of Pennsylvania, with a principal place of business located at 436 Walnut Street in Philadelphia, Pennsylvania and at all times relevant was authorized to transact business in Wisconsin.

<u>ANSWER</u>:

Brunswick is without knowledge or information sufficient to form a belief as to the truth of Paragraph 1 and therefore denies the same.

2.      At all times relevant, Defendant, CUMMINS, INC., ("Cummins") was a corporation organized and existing under the laws of the State of Indiana with its principal place of business located at 500 Jackson Street in Columbus, Wisconsin.

40062780v3

ANSWER:

 Brunswick is without knowledge or information sufficient to form a belief as to the truth of Paragraph 2 and therefore denies the same.

 3. At all times relevant, Defendant, BRUNSWICK CORPORATION, ("Brunswick") was a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 26125 N. Riverwoods Blvd. in Mettawa, Illinois.

ANSWER:

 Brunswick admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

 4. Jurisdiction is based on 28 U.S.C. §1332(a)(1), as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdiction threshold of this Court (exclusive of interest and costs).

ANSWER:

 Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is required, Brunswick admits that the Complaint asserts this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) but lacks knowledge and information sufficient to form a belief as to the underlying factual allegations of Paragraph 4 and therefore denies the same.

 5. Venue is proper in this district based on 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred within this district.

ANSWER:

Paragraph 5 states a legal conclusion to which no response is required.  To the extent a response is required, Brunswick does not dispute venue in this case.

## **FACTUAL ALLEGATIONS**

6.      Ace issued Policy Number Y09198246 (the "Policy") to the Stone Point Trust, which was in full force and effect on July 19, 2016.

ANSWER:

Brunswick is without knowledge or information sufficient to form a belief as to the truth of Paragraph 6 and therefore denies the same.

7.      The Policy provided coverage against casualty and damage to losses to a 2015 41' Searay Sundancer ("boat").

ANSWER:

Brunswick is without knowledge or information sufficient to form a belief as to the truth of Paragraph 7 and therefore denies the same.

8.      Ace asserts its claim as subrogee of its insured, the Stone Point Trust.  Ace is the bona fide owner of the claims and causes of action set forth below, having obtained the same by reason of payments to or on behalf of the Stone Point Trust, and is therefore entitled to maintain this action against Brunswick and Cummins for recovery of such payments.

ANSWER:

Paragraph 8 states a legal conclusion to which no response is required.  To the extent a response is required, Brunswick admits that Ace purports to assert this claim as a subrogee of Stone Point Trust, but lacks knowledge and information sufficient to form a

belief as to the underlying factual allegations of Paragraph 8 and therefore denies the same.

9. On and prior to July 19, 2016, the Stone Point Trust was the owner of a boat which was designed, manufactured, assembled, advertised, supplied, and/or sold by Brunswick.

ANSWER:

Brunswick is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10. On and prior to July 19, 2016, the boat contained an engine (serial no. E140674759) ("Subject Engine"), which was designed, manufactured, assembled, advertised, supplied, and/or sold by Cummins.

ANSWER:

Brunswick admits that the boat it sold contained an engine designed, manufactured assembled, advertised, supplied, and/or sold by Cummins.  Brunswick denies that the Subject Engine's serial number was E140674759.  Brunswick is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies the same.

11. On or about July 19, 2016, the boat was in route from Pikes Bay Marina in Bayfield, Wisconsin to Madeline Island, Wisconsin on Lake Superior, when the boat and engine malfunctioned and thereby caused a fire to occur, damaging the boat and other property. (hereinafter, "the Occurrence").

ANSWER:

Brunswick is without knowledge and information sufficient to form a belief as to the truth of Paragraph 11 and therefore denies the same.

12.     Pursuant to the Policy, Ace paid the Stone Point Trust in excess of $160,000.00 for the loss resulting from the Occurrence.

ANSWER:

Brunswick is without knowledge or information sufficient to form a belief as to the truth of Paragraph 12 and therefore denies the same.

## COUNT I – DEFECTIVE DESIGN
### Cummins

13.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 13 of this Count I.

ANSWER:

Brunswick re-alleges and incorporates by reference its answers to Paragraphs 1 through 12 above.

14.     At the time that the Subject Engine left the control of Cummins, the Subject Engine was in a defective and unreasonably dangerous condition with regard to its intended and foreseeable uses, in one or more of the following ways:

  a.     Cummins' defective design and manufacture of the engine;

  b.     Cummins' negligent design, assembly, installation, testing, and/or specification of the engine and its component parts;

  c.     Failing to properly test the engine and its component parts;

  d.     Failing to properly prepare the engine for use.

ANSWER:

Paragraph 14 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15.     The defective and unreasonably dangerous condition(s) of the Subject Engine existed due to the defective manner in which Cummins designed the Subject Engine.

ANSWER:

Paragraph 15 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16.     The aforementioned defective and unreasonably dangerous condition(s) of the Subject Engine existed at the time it left the control of Cummins.

ANSWER:

Paragraph 16 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17.     At all times, the Subject Engine was used in a reasonable manner, and such use was reasonably foreseeable by Cummins.

ANSWER:

Paragraph 17 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18.      As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the Subject Engine, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, CUMMINS, INC., in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

ANSWER:

Paragraph 18 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

Plaintiff's request for relief contains no factual allegations and does not require a response.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to Plaintiff's entitlement to the relief requested and therefore denies the same.

## COUNT II – MANUFACTURING DEFECT
### Cummins

19.     Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 19 of this Count II.

ANSWER:

Brunswick realleges and incorporates by reference its answers to Paragraphs 1 through 12 above.

20.     At the time that the Subject Engine left the control of Cummins, the Subject Engine was in a defective and unreasonably dangerous condition with regard to its intended and foreseeable uses, in one or more of the following ways:

a.      Cummins' defective design and manufacture of the engine;

b.      Cummins' negligent design, assembly, installation, testing, and/or specification of the engine and its component parts;

c.      Failing to properly test the engine and its component parts;

d.      Failing to properly prepare the engine for use.

ANSWER:

Paragraph 20 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21.     The defective and unreasonably dangerous condition(s) of the Subject Engine due to Cummins' defective manufacture of the Subject Engine.

ANSWER:

Paragraph 21 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22.     At all times, the Subject Engine was used in a reasonable manner, and such use was reasonably foreseeable by Cummins.

ANSWER:

Paragraph 22 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23.     As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the Subject Engine, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, CUMMINS, INC., in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

ANSWER:

Paragraph 23 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks

knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

Plaintiff's request for relief contains no factual allegations and does not require a response. To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to Plaintiff's entitlement to the relief requested and therefore denies the same.

## COUNT III – BREACH OF WARRANTY
### Cummins

24.    Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 24 of this Count III.

ANSWER:

Brunswick realleges and incorporates by reference its answers to Paragraphs 1 through 12 above.

25.    At all relevant times Cummins provided express and implied warranties for the Subject Engine and those warranties were bargained for as part of the purchase of the subject boat.

ANSWER:

Paragraph 25 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required. To the extent a response is required, Brunswick admits that Cummins provided warranties for the Subject Engine. Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies the same.

26.    The Subject Engine failed within the warranty period and failed during the normal and expected in use of the engine.

ANSWER:

Paragraph 26 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27.     As a result of that failure, Plaintiff sustained damages in excess of $160,000.

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, CUMMINS, INC., in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

ANSWER:

Paragraph 27 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

Plaintiff's request for relief contains no factual allegations and does not require a response.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to Plaintiff's entitlement to the relief requested and therefore denies the same.

## COUNT IV – NEGLIGENCE
### Cummins

28.     Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 28 of this Count IV.

ANSWER:

      Brunswick realleges and incorporates by reference its answers to Paragraphs 1 through 12 above.

      29.    At all relevant times, Cummins had a duty to design, manufacture, assemble, advertise, distribute, supply, and/or sell its products such that they would be free from defects and reasonably safe for their intended and reasonably foreseeable uses.

ANSWER:

      Paragraph 29 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same.

      30.    At all relevant times, Cummins had a duty to investigate, inspect, test, and examine its products to discover any flaws or dangers existing therein.

ANSWER:

      Paragraph 30 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

      31.    At all relevant times, Cummins had a duty to warn others of potentially dangerous conditions existing in its products, including the Subject Engine.

ANSWER:

      Paragraph 31 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks

knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

32.     Cummins breached one or more of its foregoing duties by failing to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the Subject Engine.

ANSWER:

Paragraph 32 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

33.     Further, Electrolux [*sic*] breached one or more of its foregoing duties by one or more of the following negligent acts and/or omissions:

        a.     Cummins' defective design and manufacture of the engine;

        b.     Cummins' negligent design, assembly, installation, testing, and/or specification of the engine and its component parts;

        c.     Failing to properly test the engine and its component parts;

        d.     Failing to properly prepare the engine for use.

ANSWER:

Paragraph 33 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34.     As a direct and proximate result of Cummins' breach of its duties and failure to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the Subject Engine, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, CUMMINS, INC., in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

ANSWER:

Paragraph 34 is directed to Defendant Cummins, Inc., and no response from Brunswick is therefore required.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the same.

Plaintiff's request for relief contains no factual allegations and does not require a response.  To the extent a response is required, Brunswick lacks knowledge and information sufficient to form a belief as to Plaintiff's entitlement to the relief requested and therefore denies the same.

## COUNT V – DEFECTIVE DESIGN
### Brunswick

35.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 35 of this Count V.

ANSWER:

Brunswick realleges and incorporates by reference its answers to Paragraphs 1 through 12 above.

36.     At the time the boat left the control of Brunswick, the boat was in a defective and unreasonably dangerous condition with regard to its intended and foreseeable uses, in one or more of the following ways:

        a.     Brunswick's defective design and manufacture of the boat;

        b.     Brunswick's negligent design, assembly, installation, testing, and/or specification of the boat and its component parts;

        c.     Brunswick's failure to properly equip the boat with automatic engine shutdowns;

        d.     Brunswick's failure to equip the vessel's air intake system with an automatic shutdowns;

        e.     Brunswick's failure to properly prepare the boat for use.

ANSWER:

Brunswick denies the allegations in Paragraph 36.

37.     The defective and unreasonably dangerous condition(s) of the boat existed due to the defective manner in which Brunswick designed the boat.

ANSWER:

Brunswick denies the allegations in Paragraph 37.

38.     The aforementioned defective and unreasonably dangerous condition(s) of the boat existed at the time it left the control of Brunswick.

ANSWER:

Brunswick denies the allegations in Paragraph 38.

39.     At all times, the subject boat was used in a reasonable manner, and such use was reasonably foreseeable by Brunswick.

ANSWER:

Brunswick lacks knowledge and information sufficient to form a belief as to the allegations of Paragraph 39 and therefore denies the same.

40.    As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the boat, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, BRUNSWICK CORPORATION, in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

ANSWER:

Brunswick denies the allegations in Paragraph 40.

Plaintiff's request for relief contains no factual allegations and does not require a response.  To the extent a response is required, Brunswick denies that Plaintiff is entitled to the relief that it seeks.

## COUNT VI – MANUFACTURING DEFECT
### Brunswick

41.    Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 41 of this Count VI.

ANSWER:

Brunswick realleges and incorporates by reference its answers to Paragraphs 1 through 12 above.

42.     At the time that the boat left the control of Brunswick, the boat was in a defective and unreasonably dangerous condition with regard to its intended and foreseeable uses, in one or more of the following ways:

  a.     Brunswick's defective design and manufacture of the boat;

  b.     Brunswick's negligent design, assembly, installation, testing, and/or specification of the boat and its component parts;

  c.     Brunswick's failure to properly equip the boat with automatic engine shutdowns;

  d.     Brunswick's failure to equip the vessel's air intake system with an automatic shutdowns;

  e.     Brunswick's failure to properly prepare the boat for use.

ANSWER:

Brunswick denies the allegations in Paragraph 42.

43.     At all times, the boat was used in a reasonable manner, and such use was reasonably foreseeable by Brunswick.

ANSWER:

Brunswick lacks knowledge and information sufficient to form a belief as to the allegations of Paragraph 43 and therefore denies the same.

44.     As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the boat, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, BRUNSWICK

CORPORATION, in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

ANSWER:

Brunswick denies the allegations in Paragraph 44.

Plaintiff's request for relief contains no factual allegations and does not require a response.  To the extent a response is required, Brunswick denies that Plaintiff is entitled to the relief that it seeks.

## COUNT VII – BREACH OF WARRANTY

45.     Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 45 of this Count VII.

ANSWER:

Brunswick realleges and incorporates by reference its answers to paragraphs 1 through 12 above.

46.     At all relevant times Brunswick provided express and implied warranties for the boat and all component parts and those warranties were bargained for as part of the purchase of the subject boat.

ANSWER:

Brunswick denies the allegations in Paragraph 46.

47.     The boat and Subject Engine failed within the warranty period and failed during the normal and expected in use of the boat and engine.

ANSWER:

Brunswick denies the allegations in Paragraph 47.

48.     As a result of that failure, Plaintiff sustained damages in excess of $160,000.

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, BRUNSWICK CORPORATION, in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

ANSWER:

Brunswick denies the allegations in Paragraph 48.

Plaintiff's request for relief contains no factual allegations and does not require a response. To the extent a response is required, Brunswick denies that Plaintiff is entitled to the relief that it seeks.

## COUNT VIII – NEGLIGENCE
### Brunswick

49.     Plaintiff re-alleges and reasserts paragraphs 1 through 12 of the Complaint as though fully set forth herein as paragraph 49 of this Count VII [*sic*].

ANSWER:

Brunswick realleges and incorporates by reference its answers to Paragraphs 1 through 12 above.

50.     At all relevant times, Brunswick had a duty to design, manufacture, assemble, advertise, distribute, supply, and/or sell its products such that they would be free from defects and reasonably safe for their intended and reasonably foreseeable uses.

ANSWER:

Paragraph 50 states a legal conclusion to which no response is required. To the extent a response is required, Brunswick denies the allegations in Paragraph 50.

51.     At all relevant times, Brunswick had a duty to investigate, inspect, test, and examine its products to discover any flaws or dangers existing therein.

40062780v3                                    19

ANSWER:

Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, Brunswick denies the allegations in Paragraph 51.

52.     At all relevant times, Brunswick had a duty to warn others of potentially dangerous conditions existing in its products, including the boat.

ANSWER:

Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, Brunswick denies the allegations in Paragraph 52.

53.     Brunswick breached one or more of its foregoing duties by failing to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the boat.

ANSWER:

Brunswick denies the allegations in Paragraph 53.

54.     Further, Brunswick breached one or more of its foregoing duties by one or more of the following negligent acts and/or omissions:

    a.     Brunswick's defective design and manufacture of the boat;

    b.     Brunswick's negligent design, assembly, installation, testing, and/or specification of the boat and its component parts;

    c.     Brunswick's failure to properly equip the boat with automatic engine shutdowns;

    d.     Brunswick's failure to equip the vessel's air intake system with an automatic shutdowns;

    e.     Brunswick's failure to properly prepare the boat for use.

ANSWER:

Brunswick denies the allegations in Paragraph 54.

55.     As a direct and proximate result of Brunswick's breach of its duties and failure to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the Subject Engine, a violent fire occurred, damaging the boat and its contents. (hereinafter, "the Occurrence").

WHEREFORE, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of The Stone Point Trust, demands judgment against Defendant, BRUNSWICK CORPORATION, in excess of $160,000, plus costs associated with and incurred in this action, and requests such other relief as this Court deems just and proper.

ANSWER:

Brunswick denies the allegations in Paragraph 55, including but not limited to the allegation that Brunswick designed, manufactured, assembled, distributed, sold, and/or marketed the Subject Engine.  Brunswick affirmatively alleges that the Subject Engine was designed, manufactured, assembled, distributed, sold, and/or marketed by Cummins, Inc.

Plaintiff's request for relief contains no factual allegations and does not require a response.  To the extent a response is required, Brunswick denies that Plaintiff is entitled to the relief that it seeks.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, and without altering the burdens of proof, Brunswick states as follows:

1.     Plaintiff's Complaint fails to state a claim on which relief can be granted against Brunswick.

2.      One or more of Plaintiff's claims may be barred by the applicable statute of limitations and/or repose.

3.      Plaintiff's claims may be barred, in whole or in part, by principals of admiralty and/or maritime law.

4.      One or more of Plaintiff's claims may be barred by the equitable doctrines of laches, waiver, and/or estoppel.

5.      Plaintiff's claims may be barred in whole or in part to the extent losses alleged in the Complaint are the result of the actions of third parties over whom Brunswick had no control.

6.      Plaintiff's claims may be barred in whole or in part to the extent losses alleged in the Complaint are proximately caused by the superseding or intervening actions of others.

7.      Plaintiff's claims may be barred in whole or in part by the doctrine of assumption of risk.

8.      Plaintiff's claims may be barred in whole or in part due to unavoidable circumstances and causes beyond Brunswick's control.

9.      Plaintiff's claims may be barred in whole or in part to the extent Plaintiff or its insured failed to give proper, sufficient, and/or timely notice.

10.     Plaintiff's claims may be barred in whole or in part to the extent there was no practical and technically feasible alternative design that would have prevented the alleged harm.

11.     Plaintiff's claims may be barred in whole or in part to the extent that Plaintiff's insured did not use the product for the purpose for which it was intended and/or used the product improperly.

12.     Plaintiff's claims may be barred in whole in part to the extent that Plaintiff's insured modified and/or altered the product subsequent to the time it left the care, custody and control of Brunswick.

13.     Brunswick did not extend to Plaintiff or Plaintiff's insured, and/or disclaimed or limited, any potentially applicable warranty.

14.     Brunswick did not extend to Plaintiff or Plaintiff's insured any warranty applicable to the Subject Engine.

15.     Plaintiff's claims for breach of warranty are barred to the extent that there is no privity of contract between Plaintiff or Plaintiff's insured and Brunswick.

16.     Brunswick has not breached any applicable warranty.

17.     Brunswick exercised ordinary care in the design, manufacture, assembly, distribution, supply, sale, and marketing of the boat.

18.     Plaintiff's claims may be barred in whole or in part by terms and conditions, disclaimers, and/or warnings provided at the time of the original sale.

19.     Plaintiff's claims may be barred in whole or in part by the doctrines of contributory and/or comparative negligence.

20.     Damages suffered by Plaintiff, if any, were not caused by any act or omission of Brunswick.

21.     Plaintiff's claims may be barred in whole or in part, or Brunswick's liability (if any) diminished, as a result of Plaintiff's failure to mitigate damages.

22.     Plaintiff's remedies, if any, may be limited by any applicable terms and conditions and/or warranties.

Brunswick reserves the right to amend its Answer and Affirmative Defenses as additional information becomes available.  To the extent any affirmative defenses pled herein are contradictory, mutually exclusive, or otherwise inconsistent, such defenses are pled in the alternative.

## REQUEST FOR RELIEF

WHEREFORE, Defendant, Brunswick Corporation, respectfully requests the following relief:

A.     Dismissal of Plaintiff's claims with prejudice;

B.     An award of costs, disbursements and attorneys' fees provided by law; and

C.     Such other relief as this Court deems equitable and just.

## CROSS-CLAIM against CUMMINS, INC.

Defendant, Brunswick Corporation, for its Cross-Claim against Cummins, Inc. ("Cummins"), states as follows:

1.     Brunswick hereby incorporates by reference all of the allegations contained in the Complaint filed by the plaintiff in this action (for informational purposes only) and all of the answers and affirmative defenses to that Complaint set forth in this Answer.

2.     In 2014, Brunswick and Cummins Power South, LLC ("Cummins Power South") entered into a Supply Agreement (the "Agreement").

3.     The Agreement between Brunswick and Cummins Power South was a valid contract.

4.      Cummins was a party to the Agreement and guaranteed Cummins Power South's obligations under the Agreement.

5.      Under the Agreement, Cummins Power South was to supply Brunswick with certain equipment, part, and/or services.

6.      Cummins Power South agreed to defend, indemnify and hold Purchaser harmless from any and all third party Claims arising out of or by reason of the Products sold under the Agreement installed in Brunswick's boats to the extent the Claims were caused in whole or in part by any act or omission of Cummins Power South.

7.      The indemnification included all reasonable legal expenses.

8.      Cummins Power South manufactured the Subject Engine at Brunswick's request.

9.      The Subject Engine is one of the products subject to the terms of the Agreement.

10.      The Subject Engine was installed in a boat manufactured by Brunswick.

11.      On information and belief, on or about September 28, 2015, Cummins Power South merged with Cummins, with Cummins the surviving entity.

12.      On or about July 11, 2018, Ace American Insurance Company filed this lawsuit against Cummins and Brunswick, alleging claims against each defendant, respectively, for (a) defective design; (b) manufacturing defects; (c) breach of warranty; and (d) negligence.

13.      The lawsuit alleges property damage in excess of $160,000 stemming from a fire that took place on or about July 19, 2016 during operation of the boat.

14.     On information and belief, the alleged cause of the fire is attributable to the Subject Engine manufactured by Cummins Power South, not the boat manufactured by Brunswick.

15.     Plaintiff's claims concern a product sold pursuant to the Agreement.

16.     Plaintiff's claims, if viable, were caused in whole or in part by an act or omission of Cummins Power South.

17.     Cummins, as successor and guarantor of Cummins Power South, is therefore obligated to defend, indemnify and hold Brunswick harmless from Plaintiff's claims.

18.     Brunswick has complied with its obligations under the Agreement.

## COUNT ONE: CONTRACTUAL INDEMNIFICATION

19.     Brunswick incorporates by reference and realleges Paragraphs 1 through 18 of its Cross-Claim as though fully set forth herein.

20.     Brunswick denies that Plaintiff has stated a viable claim against either Defendant in this matter.  However, Cummins, as successor and guarantor of Cummins Power South, is contractually obligated to defend, indemnify, and hold Brunswick harmless for Plaintiff's claims, which arise out of the products sold under the parties' Agreement, to the extent those claims were caused in whole or in part by any act or omission of Cummins Power South.

21.     Cummins, as successor and guarantor of Cummins Power South, is also contractually obligated to indemnify Brunswick for its reasonable legal expenses incurred in connection with this lawsuit.

## COUNT TWO: EQUITABLE INDEMNIFICATION/CONTRIBUTION

22.    Brunswick incorporates by reference and realleges Paragraphs 1 through 18 of the Cross-Claim as though fully set forth herein.

23.    Brunswick denies that Plaintiff has stated a viable claim against either Defendant in this matter. However, if it is determined at trial that Plaintiff has stated such a claim and Cummins and Brunswick are found jointly and severally liable to Plaintiff, Cummins, as successor to and guarantor of Cummins Power South, is liable to Brunswick for equitable indemnification and/or contribution.

## REQUEST FOR RELIEF

WHEREFORE, Cross-Claimant Brunswick Corporation respectfully requests the following relief:

A.    Judgment in favor of Brunswick and against Cummins in accordance with the Cross-Claim above, including reimbursement and/or indemnification of (1) any amounts for which Brunswick is deemed liable to Plaintiff; and (2) Brunswick's reasonable legal expenses incurred in connection with this lawsuit; and

B.    Such other relief as this Court deems equitable and just.

Dated this 15th day of August, 2018.

s/ Monica A. Mark
Monica A. Mark
mmark@reinhartlaw.com
Patrick J. Hodan
phodan@reinhartlaw.com
Attorneys for Defendant and Cross-
Claimant Brunswick Corporation
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

Telephone:  414-298-1000
Facsimile:  414-298-8097

40062780v3